UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BROOKS, | No. 2:25-cv-3695-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| JOHN KEEFE, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on December 23, 2025. ECF Nos. 1 & 2. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The allegations suggest that venue is improper in this District. The allegations also suggest that the Court lacks personal jurisdiction over Defendants. For the following reasons, the Court orders Plaintiff to show cause as to why this action should not be dismissed as due to improper venue or due to the absence of personal jurisdiction.

Plaintiff lists her address as Monterrey, California. ECF No. 1 at 1. Plaintiff names as Defendants two individuals located in Dallas, Texas; two entities located in Minnesota; and two siblings located in Portage, Wisconsin. *Id.* at 2. The Complaint appears to allege various forms of hate crime, political coercion, deprivation of human rights, harassment, pharmaceutical abuse, financial abuse, and violence targeted towards Plaintiff and her children. *Id.* at 3-4.

The exact nature of these allegations, however, is unclear. The Complaint shows that in

March 2017, Margaret Keefe filed a "Petition for Review of Maintenance" stemming from a June 17, 2016 order requiring her ex-husband William Duffy to pay her 50% of his gross income as unallocated family support. *Id.* at 9. The Petition purportedly demonstrates that Mr. Duffy "defied all petitions w[ith] assistance in fraud medical records" in collusion with Michelle and John Keefe and Lori Duffy. *Id.* The Complaint also includes a text conversation between the Keefes and an unidentified "Mike" that allegedly further demonstrate the conspiracy. *Id.* at 6. Another exhibit from December 6, 2025, shows Plaintiff's search on her iPhone for a nearby Wal-Mart yielding results from Texas, despite being in Santa Cruz, California.[1] *Id.* at 7. Finally, a letter from the Dignity Health Mercy General Hospital explains that upon evaluation on December 22, 2025, Plaintiff was not found to be exhibiting "psychiatric symptoms that require inpatient hospitalization" and was therefore discharged. *Id.* at 8.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Personal jurisdiction, in turn, requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted). Personal jurisdiction can be general or specific. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state. *Id.* Alternatively, for a court to have personal jurisdiction over a

---

[1] A concurrently filed Complaint cites the same search as evidence that the same Defendants are using a microchip illegally implanted during surgery to cyberstalk Plaintiff, colluding with Tesla in the process. *Brooks v. United States, et al.*, Case No. 2:25-cv-03693-DC-SCR, ECF No. 1 at 2-4, 6 (E.D. Cal. Dec. 23, 2025).

defendant's specific conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802.

None of the Defendants are California residents, nor are they residents of the same state. ECF No 1 at 2. The Complaint also fails to allege that any of the events underlying the claim transpired in this District. At most, Plaintiff shows that a Sacramento medical establishment determined not to hospitalize her. *Id.* at 8. This appears unrelated to the harm that she alleges Defendants have inflicted.

The Petition for Review of Maintenance was filed in Cook County, located in the Northern District of Illinois. ECF No. 1 at 9. Plaintiff searched for a Wal-Mart while in Santa Cruz, located in the Northern District of California. *Id.* at 7. Venue accordingly appears to be lacking in the Eastern District of California. Moreover, the absence of allegations of Defendants' conduct in California, apparently leaves this Court without general or specific jurisdiction.

In accordance with the above, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, within 21 days of this order, as to why this action should not be dismissed due to improper venue or due to the absence of personal jurisdiction.

DATED: January 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE